PABLO J. LÓPEZ CASTRO, COMMISSIONER OF INSURANCE OF PUERTO RICO ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, ÁNGEL M. UMPIERRE, JUDGE, Respondent; ADO INSURANCE CO., Intervener.

No. C-63-30.        Decided September 30, 1963.

*Rodolfo Cruz Contreras, Acting Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for petitioners. *Rafael Pastor* for intervener.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

After preferment of charges and a long series of legal proceedings, and after holding a hearing with the appearance of counsel, the Commissioner of Insurance of Puerto Rico refused to renew to ADO Insurance Corporation, also known as Ángel G. Dones, Inc., the licenses of General Agent, Agent and Surplus Line Insurance Broker which that officer had formerly issued to it.

In his extended decision of January 26, 1962, the Commissioner made, among others, the following findings:

"The facts recited hereinabove . . . show conclusively, in our opinion, the bad faith, incompetence, and untrustworthiness of appellee aimed at causing damages and losses to the public, which reasons are sufficient to warrant the cancellation of appellee's licenses, pursuant to the provisions of § 9.460(1)(f) of the Insurance Code.

"The uncontroverted evidence presented by the Commissioner of Insurance established that ADO used rates which did not appear in the manual approved by this office for Cotton States Mutual Insurance Company, and that the manual being used by ADO differed in some aspects from that approved for Cotton States Mutual Insurance Company.

"As respects the automobile policies which ADO admittedly issued, the evidence shows that ADO used the increased limit factors[1] corresponding to those approved for National Bureau of Casualty Underwriters in the name of their companies, members and subscribers, notwithstanding such increased limit fac-

---

[1] For these purposes, it may be said that limit factor is the increase over the basic premium which the insured must pay when he purchases greater protection than the basic protection or coverage of the policy. Naturally, it represents an actuarial relation.

tors had not been approved for Cotton States Mutual Insurance Company.

"Count IV (b) (3) charges, and there was corroborative testimony of Pablo Cruz Miranda, examiner of accounts of this office, that during the auditing period which lasted almost five months, he searched for, and was unable to find, 135 records which appellee should have kept.

"ADO's witness was unable to say, from the policy registry used by him, which were endorsements and which were policies. Hence, a deficiency of ADO was established consisting in its failure to keep the records as required by § 1 of Rule X of the Regulations of this office.

"Count Number XI. This count charges ADO with having employed dilatory tactics in the handling of claims. . . . [I]n the present case it appears that the attorney used this practice by direct orders of Ángel G. Dones, president of appellee. This was clearly established when copies of several notes written by Dones to his attorney and other documents were offered in evidence. The introduction of this evidence was not objected to nor controverted by appellee.

"We are of the opinion that Subcount 12 of Count X of the order of June 9, 1961, which we deem proved, is of such a serious nature that it would be sufficient in itself to warrant this refusal to renew the license in question.

"Chapter X of the Insurance Code of Puerto Rico, in its different sections, was promulgated for the purpose of affording protection to those individuals or entities which for different reasons are unable to obtain insurance with licensed insurers over whom the Commissioner of Insurance has control, and are compelled to look for protection in the surplus lines insurance market. One of the basic protections contained in Chapter X is that such surplus insurance cannot be obtained until it has been determined that the risk is not acceptable to licensed insurers. The appellee, by participating in the auction discussed in Subcount 12 of Count X of the order of June 9, 1961, as charged and admitted by it, defeated the primary purpose of this remedial legislation.

"This regulation was also violated on eleven other occasions, as stated in Subcount 4 of Count X of the order of June 9, 1961.

"The violations pointed out above, together with the others referred to in the foregoing Findings of Fact and Conclusions

of Law, are in our opinion more than sufficient to warrant our decision not to renew the surplus lines insurance broker license issued to appellee."

On February 23, 1962, ADO Insurance Corp. appealed to the Superior Court from the decision of the Commissioner of Insurance, and by motion of the same date ADO urged the Superior Court to order the Commissioner to file with the clerk of that court the original records, "including the transcript of the entire oral and documentary evidence presented by the parties during the administrative hearing." Three days later, by order of February 26, 1962, the Superior Court complied.

The Commissioner complied with the order of the court, and by motion of May 24, 1962, he urged the court to order appellant to pay the fees for the transcript of the evidence, pursuant to the provisions of the Act, 26 L.P.R.A. § 701 (14). After more than one month had elapsed without payment of those fees having been tendered, on March 6, 1963, the Commissioner filed a motion to stay the proceedings until appellant paid the fees for the transcript. Appellant did not tender payment, but instead filed a motion objecting to the stay of the proceedings alleging that it, the appellant, did not ask the Commissioner for the transcript of the evidence, nor requested him to send it, and that the Commissioner did all of this in compliance with the order of the Superior Court. By its order of March 29, 1963, the trial court sustained appellant and denied the Commissioner's motion to stay the proceedings. To review that order of the trial court we issued writ of certiorari.

The Commissioner is right. The Insurance Code of Puerto Rico contains a specific section on the fees to be paid for different services and documents, 26 L.P.R.A. § 701, in which it provides:

"The Commissioner shall collect in advance, for the benefit of the Commonwealth of Puerto Rico, and persons so served

shall so pay in advance to the Commissioner, fees, licenses, and miscellaneous charges as follows:

"*.        .        .        .        .        .        .        .*

"(14) *Copies of documents on file,* if in the Commissioner's judgment such copies may be issued, *or if issuance is ordered by a competent court,* each copy—twenty (20) cents for each one hundred words or fraction thereof; and for certified copies, one ($1.00) dollar for the first two hundred fifty words or part thereof, and twenty (20¢) cents for each additional one hundred words or part thereof." (Italics ours.)

There is no conflict between the section cited (701(14)) and subd. 5 of § 224 of the same title 26 L.P.R.A. cited by appellant. Subdivision 5 reads as follows:

"(5) At the expense of and at the request reasonably made by a person affected by the hearing, or motu proprio, the Commissioner shall cause a full stenographic record of the proceedings to be made, and if transcribed, such record shall be made a part *of the Commissioner's record* of the hearing. A copy of such record shall be furnished any other party to the hearing upon written request and *at the expense of such party.*" (Italics ours.)

The situation is as follows. Section 224, cited by appellant, deals with the *hearing procedure.* According to subd. 5 thereof, copied above, if the Commissioner causes the record to be prepared and transcribed at the request of an interested party, that party must pay for it. (That section does not specify the fees, since that appears in § 701 which prescribes those fees.) If the Commissioner motu proprio causes the record to be made, the transcript "shall be made a part of the Commissioner's record." Naturally, the Commissioner may use the transcript if he needs it in further administrative or judicial proceedings. He is not bound to furnish it to appellant free of charge. However, if one reads the Act hurriedly, one may think that there is a gap and may reason as follows: "I file the appeal, I move the court to order the Commissioner to file the transcript of

evidence, and it will not cost me a single penny." No, the Act foresaw that situation. That is why the Insurance Code in § 7.010, counterpart of 26 L.P.R.A. § 701(14), provides that "if issuance is ordered by a competent court" the copies shall also be paid (by the party benefited or interested party, it must be understood). That was what happened in this case.

It may be seen that the provision cited does not appear by chance in subd. 14, relative to the payment of the transcript whenever it is ordered by the court. The existing Insurance Law of Puerto Rico, No. 77 of June 19, 1957, is not the product of improvisation. The preparation of the first tentative draft of the law was commenced in 1952, and its author had prepared the tentative drafts of the most modern insurance codes of the United States. Copies of that draft were distributed in Puerto Rico and a series of public hearings were held at this end in 1953. As a result of those hearings, and after listening to persons familiar with the business in Puerto Rico, a second tentative draft was prepared. The bill was introduced in the House of Representatives of Puerto Rico on May 16, 1954. Further public hearings were held. The Code "represents the product of the experience gained in different states of the Union and other regions of the hemisphere, including, of course, Puerto Rico's own experience . . . and . . . in drafting this Act the legislation prevailing in the United States, in several Latin American countries, the Philippines and Canada was revised." See the Joint Report of the Committees on Finance and on the Judiciary on H.B. 85 of March 5, 1957, 9-II Journal of Proceedings, Regular Session, 560–63 (1957).

We cannot agree with appellant's theory that its appeal should continue to be prosecuted and that the Commissioner may at the proper time sue for recovery of money. In addition to the fact that that practice may become moot and that it would multiply the litigation, such theory is contrary

to the provisions of law. As has been seen, the Insurance Code directs that those fees be collected in advance, 26 L.P.R.A. § 701. See, also, 1 Davis, Administrative Law Treatise, 570, § 8.14 (1958 ed.). For a case very similar to the present case, see *Jacobsen* v. *National Labor Relations Board*, 113 F.2d 728 (1940).

The order appealed from issued in this case by the Superior Court, San Juan Part, on March 29, 1963, will be set aside and the case remanded for further proceedings consistent with this opinion.